## Charles W. Alcock, Appellee, v. Joseph R. Alcock, Appellant.

### Gen. No. 19,343.

CONTRACTS, § 216*—*agreement not to associate with another in business construed.* In construing an agreement by a person not to "go into or associate with any one in the plumbing business in Chicago" within a certain period, *held* that the words "or associate with any one in the plumbing business" covered employment of such person as a foreman in a competing establishment.

BAKER, J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. MICHAEL L. McKINLEY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 13, 1914. *Certiorari* allowed by Supreme Court.

A. G. DICUS, for appellant.

PAUL LARMER and C. E. HECKLER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The complainant and defendant in this case are cousins. They were connected in business prior to November 27, 1909, as stockholders of a corporation called the Alcock Plumbing Company. They would seem both to be plumbers. At all events they conducted the business of the corporation together. The complainant, Charles W. Alcock, was president of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the company and looked mostly after the work "on the outside," he says. Joseph R. Alcock was the "inside man," "looking after the secretary work" and "estimating." He was also treasurer and kept the books.

On November 27, 1909, they came to an amicable agreement, which was reduced to writing, by which Charles W. Alcock purchased Joseph R. Alcock's interest in the company for $3,500. It was made in writing a part of the agreement:

"That Joseph R. Alcock will not go into or associate with any one in the plumbing business in Chicago within five years from this date."

After this contract was executed and the money was paid to Joseph R. Alcock he went to California. In December, 1911, he returned to Chicago and shortly afterwards became, at a salary of thirty dollars a week, an employee of one C. H. Law, who was carrying on a plumbing business in Chicago.

The master, to whom the cause was referred by the court below, finds in accordance with the evidence, which seems to us practically uncontradicted, that as such employee or foreman he exercises a superintendence over plumbing jobs undertaken by Law, makes estimates, consults customers and calls on architects for him, "and in the absence of said C. H. Law from the city of Chicago exercises a general superintendency of the business except as to important matters which are deferred until the return of C. H. Law to the city of Chicago."

The master also finds from evidence which is categorically contradicted by Joseph R. Alcock, that said Joseph R. Alcock has solicited business for Law from a former customer of the Alcock Plumbing Company. This last conclusion of the master is vigorously contested by the appellant, but does not seem to us material.

The following conclusion of the master, recited in his report, is without contradiction:

"The defendant has no interest in said plumbing business of said C. H. Law other than his salary of $30 a week, and   *   *   * he does anything that C. H. Law tells him to do in the performance of his business."

Under these conditions the complainant, Charles W. Alcock, April 3, 1912, filed a bill in equity in the Superior Court of Cook county praying that said Joseph R. Alcock should be,

"enjoined and restrained from engaging in or entering into the plumbing business and from associating himself with any other person, firm or corporation engaged in the plumbing business in any manner or capacity whatsoever, and from performing, accepting, pursuing or doing any work, duties or employment or calling in any capacity in or about or in connection with the said plumbing business in the said city of Chicago until the 27th day of November, 1914."

The master in chancery to whom the cause was referred, after a hearing reported with others the findings of fact which we have recited, with a recommendation that,

"the prayer of the bill should be granted and the defendant enjoined from engaging in the plumbing business within the city of Chicago for the remainder of the period of five years from November 27, 1909; that the present employment of the defendant is a violation of the terms of the contract described in the bill of complaint and should be enjoined."

Objections taken to the master's report and overruled by him were ordered by the court to stand as exceptions thereto. On a hearing of said exceptions they were overruled and the report confirmed. Thereupon the court decreed:

"That defendant be and he is hereby enjoined and restrained from continuing his said employment in and about the plumbing business of the said C. H. Law, and that he be and is enjoined from going into or engaging in the plumbing business and from having or exercising any business association of any kind or character as agent, solicitor, employee, superintendent

or otherwise, with any one engaged in the plumbing business in the said city of Chicago until the 27th day of November, 1914.''

The defendant, Joseph R. Alcock, appealed from this decree to this court and has here assigned for error that the court below should have sustained the exceptions to the master's report and dismissed the bill.

The question before us is simply what construction should be given to the words of the contract of November 27, 1909—''*go into or associate with any one in the plumbing business in Chicago,*'' etc. It is one not free from difficulty and one in which we cannot be assisted by any citation of authorities. It is true, as suggested by appellee's counsel in argument, that:

''The language used in a contract will be construed in the light of the situation of the parties at the time the contract was made and the object it was intended to accomplish.''

But it is also true that language in a contract like the present one will not be given an extended construction beyond its actual meaning, against the liberty of a citizen to engage in work which will give him a livelihood. The right to the enforcement in equity of such contracts in partial restraint of trade is in itself rather a limitation of the broad principle which declares it against public policy to forbid any man activity in his own calling or business. However, on consideration of that which may be said on each side of this question, the majority of the court are constrained to think that in this case the words or ''associate with any one in the plumbing business'' did cover employment as a foreman in a competing establishment, and that the master and chancellor were right in so holding.

*Affirmed.*

MR. JUSTICE BAKER dissents.